UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE COLE #200962,
               Plaintiff,        Civil Action No.: 14-11325
                                      Honorable Nancy G. Edmunds
v.                             Magistrate Judge Elizabeth A. Stafford

BENJAMIN MAULDIN, *et al.*,

               Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO AMEND [29], TO GRANT IN PART AND DENY IN PART DEFENDANTS MAULDIN, WARD AND GODFREY'S MOTION TO DISMISS [21], AND GRANT DEFENDANT STAPLETON'S MOTION TO DISMISS [38]

## I.     INTRODUCTION

Plaintiff Annie Cole, a Michigan Department of Corrections ("MDOC") prisoner proceeding *pro se*, alleges that she was penalized with segregation when she objected to being transferred to a unit in which an inmate who had previously assaulted her was housed, and that she was denied due process during the administrative hearing process.  Before the Court are two motions to dismiss [21 and 38], and Cole's motion to amend her complaint [29].  For the following reasons, the Court finds that Cole has stated a plausible claim for First Amendment retaliation against defendant Benjamin Mauldin and that his claim for qualified immunity should be

denied, but that all other defendants and claims should be dismissed.

Consequently, the Court recommends granting in part and denying in part

Cole's motion to amend [29], granting in part and denying in part Mauldin,

Ann Ward and Melissa Godfrey's motion to dismiss [21], and granting

Richard Stapleton's motion to dismiss [38].

## II.   BACKGROUND

Annie Cole, a MDOC inmate located in the Women's Huron Valley

Correctional Facility, filed her original complaint against several MDOC

employees in both their official and individual capacities.  Cole alleged

violations of her First, Eighth and Fourteenth Amendment rights and sued

for both declaratory relief and monetary damages. [1].  Before her

complaint was served, and within the timeframe permitted by Federal Rule

of Civil Procedure 15, Cole amended her complaint.  [5].

According to those complaints, defendant Resident Unit Officer T.

Marshall informed her that she was being moved to Unit 5.  Cole objected,

telling Marshall that another inmate in Unit 5 had stalked her, demanded

sex and sliced her in the shower.  Marshall relayed the objection to

defendant Sergeant Godfrey, who refused to change the unit transfer and

denied Cole's subsequent request for protective custody.

Cole had an officer who had personal knowledge of the history

between Cole and the other inmate call defendant Lieutenant Wixon.  The officer explained Cole's concerns, but Wixon denied the officer's requests to stop the transfer or to move Cole protective custody.  Cole returned to her living unit and again appealed to Marshall.  Marshall relayed Cole's continued objection to Godfrey, but she still refused to move Cole to a different unit or to protective custody.

Cole packed her property, but asked Marshall to call the control center before she completed her move.  Sergeant Mauldin answered and came to the unit.  Cole told Mauldin that she felt that she could not move to Unit 5 because she feared for her life due the stalking and assault.  She told Mauldin she preferred to go to protective custody.  Mauldin became angry and told Cole that protective custody and segregation were the same thing, and that she was now on her way to segregation.  Mauldin then wrote Cole a major misconduct ticket for disobeying a direct order and revoked her bond, resulting in her immediate placement in segregation.

A hearing was scheduled and Cole requested that Ward, the hearing investigator, gather statements from witnesses.  Two of the relevant witnesses were unavailable due to their pending retirements, and did not answer the questions posed to them.  The hearing went forward as scheduled, resulting in Cole being found guilty and sentenced to thirty days

3

in segregation.  She also lost her prison job.  Cole appealed the
misconduct ruling, citing the lack of relevant witnesses.  Stapleton, the
hearings administrator, denied the appeal.  Cole appealed that decision to
the Ingham County Circuit Court, which granted her a rehearing based on
the absence of the relevant witnesses.  The misconduct charge was
ultimately dismissed on remand due to the inability to contact those
witnesses.

Cole's original complaint named Mauldin, Ward, Wixon, Godfrey,
Marshall and Stapleton as defendants, while her first amended complaint
names Mauldin, Ward, Stapleton and Zeller.  On July 22, 2014, Mauldin,
Ward and Godfrey[1] moved to dismiss Cole's complaint, arguing that her
complaint fails to state a claim upon which relief can be granted, that
Eleventh Amendment immunity precludes Cole's suit against the
defendants in their official capacity, and that hearing investigator Ward is
entitled to absolute immunity.  Additionally, they argue that qualified
immunity applies because Cole has failed to establish that her
constitutional rights were violated.

Before the July 22 motion was briefed further, Cole moved to amend
her complaint again.  [29].  In her proposed second-amended complaint,

---

[1] Godfrey was actually no longer a defendant at the time of the filing of the
motion since Cole did not name her in the amended complaint.

she seeks to add back Godfrey, Wixon and Marshall as defendants, and to dismiss claims against all defendants in their official capacities except Stapleton and Zeller. She further seeks to better frame her claims for relief, citing the First, Eighth and Fourteenth Amendments in her complaint and adding additional facts related to those claims. Mauldin, Ward and Godfrey argue in response that her amendments are futile as they cannot save her otherwise failing claims. [31].

Defendant Stapleton then moved to dismiss Cole's claim against him, arguing that as a hearing administrator he is absolutely immune from suit for money damages. [38]. In his reply, he further argues that Cole cannot avoid the application of sovereign immunity by requesting declaratory relief since her claims are based upon past conduct. [42].

For the reasons stated below, the Court recommends that Cole's Motion for Leave to File an Amended Complaint be granted only with respect to her First Amendment retaliation claims against Mauldin. Otherwise, the motion for leave to amend should be denied, and the other claims and defendants should be dismissed.

5

## II.    Analysis

### A.    Legal Standard

#### 1.    *Motion To Dismiss*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable

6

cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Indeed, such complaints still must plead a

7

plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### 2. Motion to Amend

After the period expires for amending a pleading as a matter of right, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

However, a court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Ultimately, "[t]he decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore*, 790 F.2d at 559 (citations

8

omitted).

### B.    First Amendment Retaliation

Mauldin argues that Cole has not sufficiently pleaded a retaliation claim under the First Amendment.  Retaliation against a prisoner in response to his or her exercise of a constitutional right violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*).  In order to set forth a First Amendment retaliation claim, a prisoner must establish that: (1) she was engaged in protected conduct; (2) an adverse action was taken against her that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

In his motion, Mauldin addresses only the first element, arguing that Cole did not sufficiently allege that she was engaged in protected conduct. The Court disagrees.  Cole had a First Amendment right to pursue a grievance in response to her transfer, *Pasley v. Conerly,* 345 Fed. Appx. 981, 984-85 (6th Cir. 2009), and MDOC grievance policy required her to first attempt to resolve the dispute informally.  MDOC Policy Directive 03.02.130, ¶P (effective July 9, 2007).[2]  Additionally, Cole had a First

---

[2] The Policy Directive is available at:

Amendment right to voice an objection to the decision to transfer her to Unit 5 in an orderly manner that was "not inconsistent with [her] status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

To be sure, if Cole voiced her grievance in an "insolent" manner or otherwise acted contrary to MDOC's disciplinary regulations, such conduct would not be protected free speech. *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008). At this juncture, the manner in which Cole communicated her grievance is not at issue. Rather, the question at issue is whether Cole has pleaded a plausible First Amendment retaliation claim.

Further, contrary to Mauldin's characterization of Cole's claim as being that she had a protected right to refuse to follow a direct order, Cole alleges that she was complying with the directive and had packed her property to do so, and that Mauldin sanctioned her to segregation in response to her attempt to informally resolve her grievance. [29 at Pg ID 178]. The Sixth Circuit has specifically held that prison officials "may not place the prisoner in segregated housing or transfer him to another prison as a means of retaliating against him for exercising his First Amendment rights." *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010). Thus, construing

https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

10

the allegations in the complaint liberally and drawing all inferences in Cole's favor, the Court finds that she states a plausible claim for First Amendment retaliation.

In light of this finding, and because Mauldin does not challenge the other two factors necessary to make out a claim for retaliation, Cole's retaliation claim should survive dismissal at this juncture.

Mauldin asks the Court to find that he is entitled to qualified immunity with respect to the First Amendment claim.  Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established.  *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).  Mauldin's qualified immunity argument relies entirely on his conclusion that Cole has not stated a claim that her rights under the First Amendment were violated (a conclusion with which the Court disagrees).  His motion is silent with respect to the question of whether the right was clearly established.  Under similar circumstances, courts have denied defendants' claims for qualified immunity.

For example, in *Pasley v. Conerly*, No. 08-cv-13185, 2010 U.S. Dist. LEXIS 104763, at *81-86, 2010 WL 3906120, at *25-26 (E.D. Mich. Sept.

10, 2010), the defendant's claim of qualified immunity relied solely on an argument that there was insufficient evidence to establish a violation of the plaintiff's First Amendment rights.  Since the court found there was sufficient evidence of a First Amendment violation, it rejected the defendant's qualified immunity claim without further analysis.  This Court agrees with that approach, and finds that Mauldin's claim for qualified immunity should be denied.[3]

### C.    Absolute Immunity

Cole alleges that Ward, Stapleton and Zeller[4] violated her rights to Fourteenth Amendment procedural due process, and sue them in their individual capacities.  However, these defendants are absolutely immune from suit for damages suits arising from "acts committed within their judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  This absolute immunity applies to state prison hearing officers and investigators with respect to their actions while performing misconduct hearings.  *Umbarger*

---

[3] Of further note, the *Hill* opinion, *supra.*, would seem to undermine any argument that the right asserted here was not clearly established.

[4] Zeller has not been served and has not responded to the Complaint. However, since Cole is a prisoner proceeding *pro se*, her complaint or certain claims therein may be subject at any time to dismissal *sua sponte* if the claims are frivolous, fail to state a claim upon which relief can be granted, or if Cole is attempting to sue a clearly immune defendant.  42 U.S.C. § 1997e(c).

*v. Corr. Med. Servs.*, 93 Fed. Appx. 734, 736 (6th Cir. 2004); *Laster v. Pramstaller*, No. 08-cv-10898, 2011 U.S. Dist. LEXIS 115154, at *29, 2011 WL 4506956, at *9 (E.D. Mich. Sept. 7, 2011).

Cole's proposed amended complaint seeks only declaratory relief against Zeller and Stapleton.  [29 at Pg ID 200].  Her allegations solely relate to past acts and omissions; she does not allege that she is under threat of any future misconduct or that she continues to suffer the consequences of the defendants' past actions.  Consequently, Cole does not state a plausible claim for declaratory relief.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-106 (1983); *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 966 (6th Cir. 2009).

For these reasons, the claims against Ward, Zeller and Stapleton should be dismissed.

### D.    Eleventh Amendment Immunity

Mauldin, Ward and Godfrey argue that Eleventh Amendment immunity applies to Cole's claims against them in their official capacity. Cole concedes that point in her response, and does not seek to sue these defendants in their official capacity in her proposed amended complaint. Thus, if Cole's motion to amend is granted, Defendants' Eleventh Amendment arguments are moot.

13

### E.   Violations of Fourteenth Amendment Due Process

Cole's due process claims are unclear; her proposed second amended complaint alleges violations of substantive due process, but her response to the motion to dismiss those claims describes procedural due process. Regardless of the theory Cole is pursuing, she has not stated a plausible Fourteenth Amendment due process violation.

In order to state a claim for a violation of procedural due process, a prisoner must first allege the existence of a protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Cole alleges that she had a protected liberty interest in not being relegated to disciplinary segregation and a protected property interest in her prison job. Neither is true.

With few exceptions, a prisoner has no protected liberty interest in her security classification or prison placement, as actions taken by prison to alter prisoner placement do not impose an "atypical, significant hardship in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Sandin*, the Court held that a thirty-day confinement in disciplinary segregation did not interfere with a protected liberty interest where the limitations imposed by that confinement were, "with insignificant exceptions" ostensibly similar to administrative

14

segregation at the same facility.  *Id.*  Cole attempts to distinguish *Sandin* by offering an affidavit attesting that disciplinary segregation at Huron Valley is much harsher than administrative segregation in that inmates subject to disciplinary segregation are prevented from participating in yard time, visitations, using the commissary, or using electronic appliances.  However, Cole may not attempt to amend her complaint through a response to a motion to dismiss, and affidavits attached to briefs may not properly be considered at the motion to dismiss stage.  *See Jocham v. Tuscola Cty.*, 239 F. Supp. 2d 714, 731 (E.D. Mich. 2003) (*citing Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996).

Furthermore, even if the Court were to accept her affidavit, the limitations she cites would not be sufficient to create a protected liberty interest.  In *Wilkinson v. Austin*, a protected liberty interest was created when the maximum security facility prohibited all human contact, had lights illuminated 24 hours a day, permitted exercise for only one hour a day, imposed indefinite placement with only annual review, and disqualified an otherwise eligible inmate for parole consideration.  545 U.S. 209, 224 (2005).  In contrast to the claim in *Wilkinson*, Cole does not contest that she endured the conditions of segregation for only for a thirty-day period, and her segregation did not result in the loss of eligibility for parole or some

15

other prison term credit.  Therefore, her attempt to distinguish the facts of this case from *Sandin* falls short.  *See Reece v. Rivard*, No. 11-cv-11814, 2011 U.S. Dist. LEXIS 121955, at *16-17, 2011 WL 5025487, at *6 (E.D. Mich. Sept. 16, 2011) *adopted by* 2011 U.S. Dist. LEXIS 121807, 2011 WL 5025519 (E.D. Mich. Oct. 21, 2011) (thirty-day detention and thirty-day loss of privileges not significant, atypical deprivation).

Cole's claim that she had a constitutionally protected property interest in her prison job also fails.  A prisoner has no constitutionally protected property interest in prison employment because the loss of such job does not impose an "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'"  *Dobbins v. Craycraft*, 423 Fed. Appx. 550, 552 (6th Cir. 2011) (quoting *Sandin*, 515 U.S. at 484)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  Although Cole argues that such an interest was created by the State of Michigan when it enacted legislation requiring prisoners to hold jobs, the *Dobbins* court rejected that argument because the law vests the MDOC with complete discretion regarding prisoner work assignments.  *Dobbins,* 423 Fed. Appx. at 552.

Cole's allegations do not support a substantive due process claim, either.  The Sixth Circuit has warned:

> Notwithstanding the Due Process Clause's broader
> applicability, we remain cognizant of the fact that 'if a

16

> constitutional claim is covered by a specific constitutional
> provision, such as the Fourth or Eighth Amendment, the claim
> must be analyzed under the standard appropriate to that
> specific provision, not under the rubric of substantive due
> process.'

*Burgess v. Fischer*, 735 F.3d 462, 473 (6th Cir. 2013) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997).  Here, Cole has alleged cruel and unusual punishment under the Eighth Amendment.  "Under the circumstances, the plaintiff's section 1983 claim in a case such as this must be for redress of eighth amendment, not fourteenth amendment substantive due process, rights."  *Walker v. Norris*, 917 F.2d 1449, 1455 (6th Cir. 1990).

### F.    Eighth Amendment Cruel and Unusual Punishment

To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must plead facts showing (1) that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) that "the official acted with deliberate indifference to inmate health or safety."  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal citations and quotation marks omitted).

Cole's amended complaint alleges that Mauldin violated her Eighth Amendment rights when he ordered another officer to write a major misconduct ticket against her and revoked her bond status, relegating her

17

to segregation.  Cole's proposed second amended complaint alleges that Mauldin, Godfrey and Wixon punished her without penological purpose and violated her personal safety, and Marshall caused her to be placed in segregation.  None of these factual allegations supports a plausible claim of an Eighth Amendment violation.

The filing of a false misconduct report is not "punishment" under the Eighth Amendment.  *Williams v. Reynolds*, 198 F.3d 248, *2 (6th Cir. Nov. 3, 1999)(unpublished).  Additionally, although prison officials have an affirmative duty to protect prisoners from violence at the hands of other prisoners, *Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994), the harm Cole alleges to have suffered in this case was not inflicted by another prisoner.  Rather, the harm Cole relies upon is having wrongly been placed in segregation, and segregation is not cruel and unusual punishment as proscribed by the Eighth Amendment.  *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995).

Furthermore, Cole cannot seek monetary damages from prison officials because she has not alleged any actual physical injury, as required by 42 U.S.C. § 1997e(e).  See *Richmond v. Settles*, 450 Fed. Appx. 448, 453 (6th Cir. 2011).  She has no claim for declaratory relief under the Eighth Amendment for past conduct.  *Lyons*, 461 U.S. at 105-106; *Fieger*,

18

553 F.3d at 966.  Therefore, Cole does not state a claim under the Eighth Amendment.

### III.    CONCLUSION

The Court finds that Cole has stated a claim for First Amendment retaliation against Mauldin and that his claim for qualified immunity should be denied.  All other defendants and claims should be dismissed. Consequently, the Court **RECOMMENDS** that Cole's motion to amend **[29]** be **GRANTED IN PART AND DENIED IN PART,** that defendants Mauldin, Ward and Godfrey's motion **[21]** be **GRANTED IN PART AND DENIED IN PART,** and that defendant Stapleton's motion to dismiss **[38]** be **GRANTED**, as set forth in this Report and Recommendation.


Dated: January 28, 2015                      s/Elizabeth A. Stafford
Detroit, Michigan                            ELIZABETH A. STAFFORD
                                             United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

20

**length and complexity to the objections**, but there is otherwise no page

limitation.

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2015.

      <u>s/Marlena Williams</u>
      MARLENA WILLIAMS
      Case Manager