UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE COLE,

    Plaintiff,

v.

BENJAMIN MAULDIN, et al.,

    Defendants.

                                         /

Case No. 14-11325

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [59], OVERRULING OBJECTIONS [60], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [55]**

This matter comes before the Court on the Magistrate Judge's report and recommendation. (Dkt. 59.) The Magistrate Judge recommends granting Defendant's[1] motion for summary judgment. Plaintiff filed objections to the report and recommendation. (Dkt. 60.) Having reviewed the record and conducted a de novo review of those parts of the report and recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Defendant's motion for summary judgment is therefore GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

**I.   Background**

Plaintiff, a pro se prisoner, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges she was assigned to move to a new unit where another inmate who had previously stalked, threatened, and physically harmed Plaintiff resided. Plaintiff protested the move,

---

[1] Lieutenant Benjamin Mauldin is the only remaining Defendant.

but to no avail. When she attempted to verbally resolve her grievance, Lieutenant Benjamin Mauldin issued a misconduct ticket for disobeying a direct order. Plaintiff argues the issuance of the ticket was unlawful retaliation, in violation of her First Amendment rights. She requested a hearing on the misconduct ticket (which ultimately led to the ticket being dismissed), but she did not file a grievance pursuant to Michigan Department of Corrections (MDOC) Policy Directive 03.02.130. In order to bring a § 1983 claim, a prisoner must exhaust available administrative remedies first. *See* 42 U.S.C. § 1997e(a). Because the Magistrate Judge found Plaintiff failed to exhaust administrative remedies before filing this suit, she recommended granting Defendant's motion for summary judgment.

## II. Analysis

Plaintiff objects to the report and recommendation's finding that she failed to exhaust available remedies. Plaintiff does not purport to have filed a grievance in accordance with MDOC policies; rather, she argues that her claim was non-grievable. Specifically, Plaintiff's first and second objections both claim the Magistrate Judge erred in finding that her retaliation claim was grievable and not "related to a misconduct hearing." (Dkt. 60, at 1-4.)

MDOC's grievance procedure precludes prisoners from grieving claims related to a misconduct hearing process. MDOC Policy Directive 03.02.130 ¶ F(2) states in part, "[d]ecisions made in hearings conducted by hearing officers ... and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing)" are not grievable. Plaintiff argues her claim was not grievable because it was an issue directly related to the hearing process. For support, Plaintiff offers evidence of two inmates' Step I grievances for similar claims that were denied. (*See* Dkt. 60, at 10-11; Dkt. 62, at 5.) By showing that similar grievances were

denied, Plaintiff suggests we must conclude that her grievance would also have been denied as "non-grievable."

At best, however, the evidence presented demonstrates a possibility or even likelihood that her grievance, had it been filed, would have been denied. This is not sufficient. "The Supreme Court has declined to 'read futility or other exceptions to the statutory exhaustion requirements where Congress has provided otherwise.'" *Jordan El v. Harrington*, No. 2:06-CV-10431, 2006 WL 1791261, at *1 (E.D. Mich. June 26, 2006) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). That is, while a prisoner need not exhaust unavailable remedies, she must use available grievance procedures even if she "believe[s] the procedure to be ineffectual or futile." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotation marks omitted). This requirement "is a strong one." *Id.* Plaintiff has failed to present any evidence showing that the grievance procedure was not reasonably available to her. As the Magistrate Judge correctly noted, Plaintiff's claim was related to the issuance of the misconduct ticket—which was issued well before the hearing on the issuance of the ticket. The retaliation claim was neither a decision made in a misconduct hearing, nor related to the hearing. As such, Plaintiff's complaint was grievable and she was required to file a grievance pursuant to MDOC Policy Directive 03.02.130. Her first and second objections are overruled.

Plaintiff's third and fourth objections also fail. Plaintiff objects that the report and recommendation "does not address that Defendant bears the burden of showing, through evidence, that Plaintiff did not comply with available procedures." (Dkt. 60, at 4.) Indeed, failure to exhaust administrative remedies is an affirmative defense that must be established by Defendant. *See Napier*, 636 F.3d at 225. Here, though the report and

recommendation did not recite this burden, the Magistrate Judge (and this Court on de novo review) applied the correct standard in concluding that Defendant met its burden and was entitled to summary judgment. Defendant presented evidence regarding the existence of a valid grievance process. (*See* Dkt. 55-5.) Once this evidence was presented, Plaintiff was "required to present significant probative evidence to defeat the motion for summary judgment on this ground." *Napier*, 636 F.3d at 225 (internal quotation marks omitted). Plaintiff does not claim to have filed a grievance and the only evidence presented to rebut the availability of the grievance process fails to raise a genuine issue of fact, as discussed above. Defendant met its burden to prove that there was no disputed issue on whether the MDOC grievance procedure was available to Plaintiff, and because Plaintiff did not attempt to exhaust that remedy, summary judgment is appropriate.

Finally, contrary to her objection, the report and recommendation need not be rejected for failure to cite to *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). The fact that the Sixth Circuit in *Siggers* discussed MDOC Policy 03.02.130 ¶ F as it related to the plaintiff's claims in that case does not demonstrate that Plaintiff's claim was non-greivable here. As discussed above and in the report and recommendation, Plaintiff's claim—related to an even that preceded the hearing—was grievable. *See e.g.*, *Manley v. McComb*, No. 1:11-CV-149, 2012 WL 967096, at *1 (W.D. Mich. Mar. 21, 2012) (concluding that the policy which provides that decisions made in misconduct hearings are non-grievable did not apply to the plaintiff's retaliation claim because "Plaintiff's retaliation claim concerns events that occurred prior to the misconduct [hearing] decision.").

### III. Conclusion

For the above-stated reasons, Plaintiff's objections are OVERRULED, the report and recommendation are ACCEPTED AND ADOPTED and Defendant's motion for summary judgment is GRANTED. This case is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

      S/Nancy G. Edmunds
      Nancy G. Edmunds
      United States District Judge

Dated: August 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2016, by electronic and/or ordinary mail.

      S/Carol J. Bethel
      Case Manager